May Term,
1853.
_____
TROUTNER
v.
PARENT.

-------

TROUTNER and Others *v.* PARENT.

In actions *ex contractu*, where the defence is in its nature joint, several defendants may join in the same plea, or they may sever; and one defendant may plead in abatement, another in bar, and another may demur.

ERROR to the *Allen* Circuit Court.

DAVISON, J.—This was an action of debt by *Parent* against *Troutner, Colerick,* and *Dawson,* on an injunction bond. The bond is in the sum of 100 dollars, conditioned as follows: Whereas the above-named *Troutner,* at the *July* term of the *Allen* Circuit Court, filed his bill in chancery, praying an injunction against the said *Parent,* which injunction was on that day granted by the judges of said Court in open Court; now if the said *Troutner* shall well and truly pay to the said *Parent* all damages and costs which may accrue in consequence of said proceeding, provided the said injunction granted in this case shall be dissolved, then the above obligation is to be void and of none effect; otherwise to be and remain in full force, &c.

The breach assigned is, that at the *July* term of the said *Allen* Circuit Court, in the year 1845, by the judgment and decree of said Court, the said injunction was dissolved and said bill dismissed, as appears of record, &c.

*Colerick* and *Dawson* were defaulted. *Parent* obtained oyer of the bond and condition, and filed two pleas: 1. *Non est factum.* 2. Performance generally. A demurrer to each plea was sustained, a writ of inquiry awarded, damages assessed, and judgment rendered for the plaintiff below.

The only error assigned is the sustaining of the demurrer to the pleas.

The defendant in error contends that the pleas are defective, because they are the separate pleas of *Troutner;* that in actions founded upon a joint or joint and several contract, co-defendants cannot sever in their pleas. We think this is a mistake. The rule seems to be, that when the defence is in its nature joint, several defendants may join in the same plea, or they may sever. And one defendant may plead in abatement, another in bar, and another may demur. 1 Chitty's Pl. 596.—Archbold's Civil Pl. 239.—Gould on Pl. 422, s. 6.

The pleas are, no doubt, both good on general de-

*May Term, 1853.*

TROUTNER
v.
PARENT.

*Monday, June 6.*

murrer; and in our opinion, the decision of the Court was erroneous.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

J. G. *Walpole*, for the plaintiffs.

H. *Cooper*, for the defendant.